Argued and submitted August 7, 2006, vacated December 5, 2007

H. H. TAYLOR,
C. A. Taylor,
and Taylor & Taylor, Inc.,
an Oregon corporation,
*Plaintiffs-Respondents,*

*v.*

RAMSAY-GERDING CONSTRUCTION COMPANY,
an Oregon corporation,
*Defendant-Appellant,*

*and*

CHEMREX, INC.,
a foreign corporation,
*Defendant.*

RAMSAY-GERDING CONSTRUCTION COMPANY,
an Oregon corporation,
*Third-Party Plaintiff,*

*v.*

TFC ENTERPRISES, INC.,
an Oregon corporation,
dba Finishers Drywall;
ChemRex, Inc.,
a foreign corporation;
Century West Engineering Corporation,
an Oregon corporation;
and Wyatt Architects and Associates, P.S.,
*Third-Party Defendants.*

Lincoln County Circuit Court
015188; A129361

173 P3d 1225

Ralph C. Spooner argued the cause for appellant. With him on the briefs were Melissa J. Ward and Spooner & Much, P.C.

James N. Westwood argued the cause for respondents. With him on the brief were Stoel Rives LLP, David A. Hilgemann, and Law Offices of David Hilgemann.

Before Edmonds, Presiding Judge, and Ortega, Judge, and Breithaupt, Judge pro tempore.

PER CURIAM

## PER CURIAM

Defendant Ramsay-Gerding Construction Company appeals a judgment that awarded attorney fees to plaintiffs. Based on our recent decision in a related case, *Taylor v. Ramsay-Gerding Construction Co.*, 215 Or App 670, 172 P3d 251 (2007) (*Taylor I*), we vacate the judgment awarding fees.

Defendant was plaintiffs' general contractor for the construction of a hotel. Following the construction, plaintiffs brought negligence and breach of contract claims against defendant, and plaintiffs and defendant brought breach of warranty claims against ChemRex, Inc., the manufacturer of the stucco siding system that was used on the hotel. The trial court bifurcated the trial of the various claims. Plaintiffs' and defendant's breach of warranty claims against ChemRex were tried first, and a jury returned a verdict in favor of plaintiffs against ChemRex. Judgment was entered against ChemRex, and ChemRex and plaintiffs appealed that judgment. Those appeals were the subject of *Taylor I*.[1]

After judgment was entered against ChemRex on the breach of warranty claims, plaintiffs sought attorney fees against defendant based on a provision in the construction contract that states that, "[i]n the event of litigation arising from or related to the services provided under this agreement, the substantially prevailing party will be entitled to recovery of all reasonable costs incurred, including staff time, court costs, attorneys' fees and other related expenses." Defendant argued, among other things, that there was no basis for an award of attorney fees against it because, at that time, plaintiffs had obtained a judgment against ChemRex only. Over defendant's objection, the trial court awarded attorney fees to plaintiffs. Defendant appealed, and the appeals in this case and *Taylor I* proceeded contemporaneously.

On appeal in this case, defendant reiterates its argument that, in the absence of a judgment against it, an award

---

[1] Because the judgment at issue in *Taylor I* disposed only of claims against ChemRex, defendant was not a party to that appeal. It did, however, file a brief *amicus curiae*. 215 Or App at 673 n 3.

of attorney fees under the contract was improper. Plaintiffs counter that the judgment against ChemRex—the subject of *Taylor I*—provided a sufficient basis under the contract for an award of attorney fees against defendant, because "[defendant's] contract with [plaintiffs] makes [defendant] responsible for ChemRex's breach of its obligation to [plaintiffs]." At oral argument, plaintiffs' counsel conceded that, if we were to reverse the underlying judgment in plaintiffs' favor against ChemRex in *Taylor I*, plaintiffs would have no entitlement to an award of attorney fees against defendant at this stage in the proceedings. In our decision in *Taylor I*, we did, in fact, reverse the judgment against ChemRex. 215 Or App at 690. Thus, plaintiffs' proffered basis for the fee award against defendant no longer exists.

Vacated.